**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Mendy Evans, Michael Evans, and Chiniko McCall,
Defendants,

Of whom Mendy Evans is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2021-000083

———————

Appeal From Chesterfield County
Michael S. Holt, Family Court Judge

———————

Unpublished Opinion No. 2021-UP-357
Submitted October 15, 2021 – Filed October 18, 2021

———————

**AFFIRMED**

———————

Kimberly Yancey Brooks, of Kimberly Y. Brooks,
Attorney at Law, of Greenville, for Appellant.

Cody Tarlton Mitchell, Lucas Warr & White, of
Hartsville, as the Guardian ad Litem for Appellant.

Tracy L. Bomar-Howze, of The Howze Law Firm, of Rock Hill; and Scarlet Bell Moore, of Greenville, both for Respondent.

C. Heath Ruffner, of McLeod & Ruffner, of Cheraw, for the Guardian ad Litem for the child.

---

**PER CURIAM:**  Mendy Evans appeals the family court's final order that found her home was not safe for reunification, granted custody of her minor child with a relative, and allowed the Department of Social Services to close its case and forego providing further services.  *See* S.C. Code Ann. § 63-7-1700 (Supp. 2020); S.C. Code Ann. § 63-7-1640 (Supp. 2020).  Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987),[1] we find no meritorious issues warrant briefing.  Accordingly, we affirm the family court's ruling and relieve Mendy's counsel.

**AFFIRMED.**[2]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] *See also S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated Feb. 2, 2005 (expanding the *Cauthen* procedure to situations when "an indigent person appeals from an order imposing other measures short of termination of parental rights").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.